Jo Dale Carothers (SBN 228703)
Email: jcarothers@weintraub.com
Eric Caligiuri (SBN 260442)
Email: ecaligiuri@weintraub.com
WEINTRAUB TOBIN CHEDIAK COLEMAN GRODIN
   LAW CORPORATION
11682 El Camino Real, Suite 305
San Diego, CA  92130
Telephone:  (858) 436-8152
Facsimile:  (858) 436-3890

*Attorneys for Plaintiffs Funrise, Inc., and Honor Metro Limited*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Funrise, Inc.; Honor Metro Limited, <br><br> Plaintiffs, <br><br> v. <br><br> Big Lots Stores, Inc., <br><br> Defendant. | Civil Case No.: 3:19-cv-01228-JLS-WVG <br><br> Hon. Janis L. Sammartino <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE MOTION TO EXTEND TIME TO RESPOND TO INITIAL COMPLAINT  BY NOT MORE THAN 30 DAYS** <br><br> COMPLAINT SERVED: JULY 3, 2019 <br> RESPONSE DATE:     JULY 24, 2019 |

Plaintiffs Funrise, Inc. and Honor Metro Limited (collectively, "Funrise" or "Plaintiffs") respectfully oppose Defendant Big Lots Stores, Inc.'s ("Big Lots" or "Defendant") Ex Parte Motion To Extend Time To Respond To Initial Complaint By Not More Than 30 Days.  *See* Dkt. No. 8.

The law on *ex parte* applications is well-established in the Ninth Circuit. In order to justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying event deadline proceeds according to the regular procedure, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Mission Power Eng'g v. Cont'l Cas. Co.,* 883 F. Supp 488, 492 (C.D. Cal 1995); *see also Marshall v. GM/ Corp. Serv. Co.* 2018 U.S. Dist. LEXIS 193463, at *3 (S.D.Cal. Nov. 13, 2018, No. 18-CV-2551-GPC-JLB). Defendant has failed to establish that either criterion has been met here.

First, Defendant has not shown how it will be irreparably prejudiced by a fourteen-day extension, which Plaintiffs offered, versus a thirty-day extension. Indeed, in response to Defendant's request, on at least two occasions counsel for Plaintiffs even offered the opportunity to discuss further extensions, if necessary. Specifically, Plaintiffs offered that "if after a 14-day extension, there is good cause to request further time, [Plaintiffs] would be open to such discussions." *See* July 23, 2019 Declaration of Jo Dale Carothers ("Carothers Decl.") at ¶ 2. Defendant's Ex Parte Motion fails to even mention this further offer, let alone explain how it is irreparably prejudiced by the offer of a fourteen-day extension and the possibility of additional time, but only if warranted.

Second, Defendant has not shown how Defendant's alleged need for a 30-day extension occurred as a result of excusable neglect. "To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer….[f]or example, merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief." *Mission Power Eng'g v. Cont'l Cas. Co.,* 883 F. Supp at 493. Instead, using the prior example, "[t]he moving party must also show that it used the entire discovery

1  period efficiently and could not have, with due diligence, sought to obtain the
2  discovery earlier in the discovery period." *Id.*
3  In this case, there is only a single patent at issue and counsel for Defendant
4  should already be familiar with this patent because Defendant's counsel represents
5  another defendant in a separate, ongoing case filed by Plaintiffs in May 2019 in
6  the Central District of California that involves this same patent. *Id.* at ¶ 3.
7  Moreover, only a limited number of products are identified in the complaint. *See*
8  Dkt. No. 1 at ¶¶ 18-21.  Thus, Defendant's counsel has failed to explain how with
9  due diligence it is not capable of investigating Plaintiffs' pleading in the time
10 allotted by the Federal Rules, which includes the time remaining after counsel was
11 formally retained plus the two additional weeks offered by Plaintiffs, given the
12 familiarity Defendant's counsel presumably already has with the single patent at
13 issue.
14 Finally, the courts and both parties are required "to secure the just, speedy,
15 and inexpensive determination" of this case. Fed. R. Civ. P. 1.  As outlined in
16 Plaintiffs' Complaint in this matter,  Plaintiffs have suffered and are continuing to
17 suffer irreparable harm caused by Defendant's continued infringement by selling
18 and offering for sale infringing products that compete directly against Plaintiffs'
19 products. *See* Dkt. No. 1 at ¶¶ 22 – 29.  Therefore, Plaintiffs desire "to secure a
20 just, speedy, and inexpensive determination" of this case to protect its intellectual
21 property and mitigate the harm being caused to Plaintiffs.
22 For these reasons, Plaintiffs respectfully request that the Court deny
23 Defendant's Ex Parte Motion To Extend Time To Respond To Initial Complaint
24 By Not More Than 30 Days.
25 ///
26 ///
27 ///
28

{2700247.DOCX;}  Opposition to  3
Civil Case No.: 3:19-cv-01228-JLS-WVG

1  DATED: July 23, 2019      Respectfully submitted,
2
3                By:  */s/ Jo Dale Carothers*
                      Jo Dale Carothers
4                     Eric Caligiuri
                      Weintraub Tobin Chediak Coleman Grodin
5                     Law Corporation
                      *Attorneys for Plaintiffs*
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

{2700247.DOCX;}                Opposition to    4
Civil Case No.: 3:19-cv-01228-JLS-WVG